# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOYCE M. WILLIAMS,

                Plaintiff,

      v.                                  Case No. 18-CV-354

FARMERS NEW WORLD LIFE INSURANCE COMPANY,

                Defendant.

## DECISION AND ORDER

### Background

Tajah M. Williams took out a life insurance policy with Farmers New World Life Insurance Company (Farmers) on October 27, 2016. She died two months later, on December 26, 2016. (ECF No. 1-1, ¶¶ 2-3.) Joyce M. Williams, Tajah's mother, was the beneficiary of that policy. She gave notice of Tajah's death to Farmers. (ECF No. 1-1, ¶ 4.)

Farmers denied coverage for the benefits under the policy after obtaining medical records from an emergency room visit three months before Tajah took out the policy which stated that Tajah's "social history is significant for frequent marijuana use

(daily)." Farmers contends it would not have issued the policy had that fact been disclosed. (ECF No. 1-1, ¶¶ 8, 11, 18.)

Joyce Williams filed an action in state court on December 18, 2017, alleging bad faith on the part of Farmers and seeking recovery under the policy. (ECF No. 1-1.) Farmers removed the action to this court based on the diversity of the parties. (ECF No. 1.) It answered the complaint on March 14, 2018. (ECF No. 4.) Among other things, Farmers alleged rescission as an affirmative defense, citing Wis. Stat. § 631.11.

Ms. Williams has moved for partial judgment on the pleadings. (ECF No. 9.) She "seeks a determination that Defendant's Policy No. 002383592 issued on the life of Tajah M. Williams is valid and thus calls for full payment of the $150,000 benefit of that policy to beneficiary and Plaintiff Joyce M. Williams, plus Wis. Stat. § 628.46 interest." (ECF No. 10 at 1.) She contends that Farmers "conceded in its Answer that it entered into a life insurance policy on the life of Tajah Williams, premiums for which were paid in full and that the policy was in full force and effect as of the date of Tajah's death on December 26, 2016." (ECF No. 10 at 2-3.) She argues that Farmers did not plead its rescission affirmative defense (with its misrepresentation requirement) with the specificity required by Wis. Stat. § 802.03(2), which procedural rule she says applies rather than Rule 9 of the Federal Rules of Civil Procedure. (ECF No. 10 at 6-9.) She also argues that Farmers failed to adequately plead its rescission affirmative defense because, under Wisconsin law, an insurer must satisfy each element of the statute by

2

clear and convincing evidence. (ECF No. 10 at 10 (discussing *Pum v. Wis. Physicians Serv. Ins. Corp.*, 2007 WI App 10, 298 Wis. 2d 497, 727 N.W.2d 346)). Moreover, she argues Farmers could not prove the affirmative defense because it is based on medical records Farmers obtained after Tajah's death, a practice prohibited by the regulations of the Wisconsin Insurance Commissioner. (ECF No. 10 at 11-12.)

In response, Farmers argues that a federal court sitting in diversity applies federal, not state, procedural rules, including federal pleading requirements. (ECF No. 11 at 2.) Thus, the fact that Wisconsin state law has heightened pleading requirements does not have any applicability here. It argues that its Answer, including its affirmative defenses, sufficiently pleads facts to support its rescission defense—specifically, that the insured misrepresented her health on her insurance policy application regarding her use of marijuana and that such misrepresentation was material to Farmers's decision to issue the policy. (ECF No. 11 at 9-10.)

**Applicable Law**

Procedurally, Williams's motion is more properly regarded, at least in part, as a motion to strike an affirmative defense under Rule 12(f). Although presented as a motion for judgment on the pleadings under Rule 12(c), judgment in Williams's favor would be appropriate only if the court first struck Farmers's rescission affirmative

defense.[1] And, of course, affirmative defenses "are pleadings, and as such, leave to amend is freely granted as justice requires." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citing Fed. R. Civ. P. 15(a)). Thus, even if presently deficient, Farmers ordinarily would be afforded the opportunity to amend (if amendment could cure any defect) before judgment in the plaintiff's favor would be appropriate. Thus, the court turns to the question of whether it is appropriate to strike Farmers's rescission affirmative defense.

Courts have applied a three-part inquiry to assess the sufficiency of an affirmative defense:

> (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge -- in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient.

*Sayad v. Dura Pharm., Inc.*, 200 F.R.D. 419, 421 (N.D. Ill. 2001) (quoting *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000); citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). "[M]otions to strike are strongly disfavored and rarely granted." *Check v. ShopKo Stores Operating Co. LLC*, No. 17-C-1755, 2018 U.S. Dist. LEXIS 79856, at *2 (E.D. Wis. May 11, 2018) (citing *Williams v.*

---

[1] Farmers separately alleges other related affirmative defenses, including two iterations of "Misrepresentation," "Policy Terms Preclude Coverage," and "Unclean Hands," (ECF No. 4 at 8-9), all of which, it appears, Williams would have to successfully strike in order to be entitled to judgment on the pleadings. For present purposes the court considers only the affirmative defense of rescission.

4

*Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991)). If the affirmative defense is properly struck, the court would then consider whether Williams is entitled to judgment in her favor.

The court reviews a motion under Rule 12(c) by employing the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Consequently, the court considers the facts in the light most favorable to the non-movant. *Id.* Judgment in Williams's favor would be appropriate only if it were doubtless that Farmers could not prevail. *Id*.

## Analysis

> To be entitled under the statute to rescind an insurance policy, the insurance company must prove: (1) that (a) a misrepresentation was made and (b) the person making it knew, or should have known, that it was false; and (2) either (a)(i) the insurer relied on the misrepresentation, and (ii) that misrepresentation was material, or (iii) it was made with intent to deceive; or (b) the misrepresented fact contributed to the loss.

*Pum*, 2007 WI App 10, ¶9.

The court does not find that Farmers has "pled itself out of court." First, rescission is a proper defense under the facts alleged and, therefore, it is properly pleaded as an affirmative defense.

Second, the court disagrees with Williams's suggestion that Farmers must present clear and convincing evidence in its answer to support its rescission affirmative defense. Williams's reliance upon *Pum* is misplaced. *Pum* was before the court on the defendant's motion for summary judgment and thus outlines what a defendant must

*prove* to establish rescission, not what it must *plead*. However, because rescission depends upon misrepresentation, and misrepresentation is "[a] species of fraud," *Bellon v. Ripon Coll.*, 2005 WI App 29, ¶6, 278 Wis. 2d 790, 693 N.W.2d 330, the court accepts for present purposes that the affirmative defense of rescission must be pled with the particularity demanded under Fed. R. Civ. P. 9(b).[2] Having said that, the court finds that in answering Williams's complaint Farmers alleged the defense with adequate particularity. Farmers's Answer informs Williams that it contends the policy was rescinded because, according to July 16, 2016 emergency room records, Tajah reported daily marijuana use, a detail which, had it been disclosed, would have resulted in the policy not having been issued. (ECF No. 4, ¶¶ 3, 8, 11.) This satisfies any requirement of particularity.

Third, based on the details contained within the Answer, the court finds it is plausible that Farmers could prevail on its affirmative defense of rescission, thereby surviving scrutiny under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Of course, whether Farmers can muster evidence sufficient to actually sustain its burden regarding rescission is a question for summary judgment or trial. *See Check v. ShopKo Stores Operating Co. LLC*, No. 17-C-1755, 2018 U.S. Dist. LEXIS 79856, at *2 (E.D. Wis. May 11,

---

[2] As stated above, Williams argues that the Wisconsin pleading standard set forth in Wis. Stat. § 802.03(2) applies, but she then notes that it and the federal standard in Rule 9(b) are essentially the same. (ECF No. 10 at 5-6.) Thus, it is unclear for what purpose she makes this argument.

2018) ("Rule 12(f) was not established to dispute the merits of an affirmative defense, rather [the plaintiff] will have the opportunity to dispute the merits of [the defendant's] defenses through dispositive motions or at trial.") (citing *Strohbehn v. Access Group Inc.*, 292 F. Supp. 3d 819, 822 (E.D. Wis. 2017).

Williams also argues that the affirmative defense is legally improper because Farmers unlawfully relied upon information acquired after it issued the policy. Williams points to regulations of the Wisconsin Commissioner of Insurance which state:

> (5) UNDERWRITING.
>
> (a) An insurer shall make provision for adequate underwriting personnel and procedures so as to process without undue delay each application for insurance received by it.
>
> (b) An insurer shall give due consideration to all statements in each application for insurance submitted to it and shall duly evaluate the proposed insured person before issuing coverage for such person.
>
> (c) An insurer which issues coverage for a person shall not use the statements, information or material set out in subds. 1., 2. and 3. to void the coverage on the basis of misrepresentation in the application, or deny a claim on the basis of a pre-existing condition defense, unless the insurer has:
>
>> 1. Resolved patently conflicting or incomplete statements in the application for the coverage;
>>
>> 2. Duly considered information furnished to it:
>>
>>> a. In connection with the processing of such application, or
>>>
>>> b. In connection with individual coverage on the person previously issued by it and currently in force, or

> 3. Duly considered the material which it would have obtained through reasonable inquiry following due consideration of the statements or information.

Wis. Admin. Code § Ins 3.28.

As summarized by the Wisconsin Court of Appeals, this provision "limits an insurance company's ability to void coverage on the basis of misrepresentation if it has not duly considered material which it would have obtained through reasonable inquiry based upon the information in the application." *Pum*, 2007 WI App 10, ¶18. But whether Farmers complied with this provision, including whether it "it would have obtained [the relevant emergency room records] through reasonable inquiry following due consideration of the statements or information," is a factual question not appropriate for resolution at this preliminary stage. *See id*.

Finally, in reply Williams raises a new argument—the affirmative defense of rescission is not properly asserted against her as a beneficiary but should be asserted as a claim against the insured's estate. (ECF No. 12 at 6.) But an argument raised for the first time in reply is not properly before the court. *Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013). Therefore, the court does not consider this issue further.

In sum, the court finds Farmers properly pleaded rescission as an affirmative defense consistent with the requirements of Rules 8 and 9 and sufficient to withstand challenge under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that Joyce M. Williams' motion for judgment on the pleadings (ECF No. 9) is **denied**.

Dated at Milwaukee, Wisconsin this 22nd day of May, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge