# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOYCE M. WILLIAMS,**
               **Plaintiff,**

      v.                                    Case No. 18-CV-354

**FARMERS NEW WORLD LIFE INSURANCE COMPANY,**
               **Defendant.**

## DECISION AND ORDER

A jury trial is scheduled to begin in this matter on April 11, 2022. At issue is a life insurance policy insuring the life of Tajah Williams and whether the application for that policy included a false statement regarding her use of marijuana. The beneficiary of that policy and the plaintiff here, Tajah's mother, Joyce, stated in her pretrial report that she "will provide evidence that Tajah never signed the application." (ECF No. 89 at 2.)

The defendant, Farmers New World Life Insurance Company, argues that, if Tajah never signed the contract, then no contract for insurance was ever formed and thus Joyce's claim under the policy necessarily fails. (ECF No. 98.)

Generally, an insured cannot have it both ways; she cannot insist that a contract for insurance exists but argue that she is not responsible for misrepresentations because she did not sign the application. *See Bradach v. N.Y. Life Ins. Co.*, 260 Wis. 451, 457, 51

N.W.2d 13, 17 (1952). But Joyce's position is that Farmers' agent both completed the application and added the electronic signatures of both Tajah and her grandmother, Jacqueline, who was the policy owner. Under such circumstances, the insurer may be bound by the actions and misrepresentations of its agent. *See Weiss v. Mut. Indem. Co.*, 32 Wis. 2d 182, 186-87, 145 N.W.2d 171, 173 (1966).

Farmers, however, represents that there were two material applications—an initial application and a second one completed as part of a medical examination. (ECF No. 98 at 4-5.) Joyce's response appears to address only the initial application. But even without argument from Joyce regarding the latter application, the court finds that Farmers is not entitled to judgment in its favor. Whether Tajah completed and signed the applications is an obvious fact question for the jury. And Joyce's success on her claims does not necessarily depend on her proving that Tajah did not sign the application. For example, a jury may find that the statement in her medical record regarding her marijuana use was incorrect, and that the application did not contain a material misrepresentation.

Accordingly, insofar as Farmers' brief may be construed as a motion for summary judgment (or any other relief) (ECF No. 98), it is **denied**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 31st day of March, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge